**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Maalika Dabney, | Case No. 2:26-cv-00787-CDS-DJA |
| Petitioner | **Order Screening Petition and Denying Petitioner's Motion for Appointment of Counsel** |
| v. | |
| Attorney General State of Nevada, et al., | [ECF Nos. 1, 3] |
| Respondents | |

Pro se petitioner Maalika Dabney commenced this habeas action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 as well as a motion for appointment of counsel. ECF Nos. 1, 3. This habeas matter is before me for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, I direct service of the petition and deny without prejudice Dabney's motion for appointment of counsel.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Dabney challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Dabney*, Case No. C-18-330289-1.[2] On May 12, 2022, the state district court entered an amended judgment of conviction pursuant to a jury verdict for

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and
        at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

attempted murder with the use of a deadly weapon; felony discharge of a firearm from or within a structure or vehicle; and child abuse, neglect or endangerment with the use of a deadly weapon. The state district court sentenced Dabney to an aggregate sentence of six to 15 years. Dabney appears to be released on parole. The Nevada Court of Appeals affirmed the judgment of conviction on direct appeal.

Dabney filed a state post-conviction petition for writ of habeas corpus. The state district court denied her state habeas petition. The Nevada Court of Appeals affirmed the denial of relief. In March 2026, Dabney initiated this federal habeas corpus proceeding. ECF No. 1. Having conducted an initial review, I direct service of the petition and a response.

Turning to Dabney's request for counsel (ECF No. 3) to assist her in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require").

However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.

Dabney asserts that she is unable to afford counsel, and she cannot represent herself because the case involves complex identification science, forensic science, missing surveillance evidence, and a request for an evidentiary hearing. Dabney is not serving a lengthy sentence and a review of the state court docket, and the petition, do not illustrate that the issues are particularly complex. Dabney has not shown that denial of counsel would amount to a denial of due process. Accordingly, the motion is denied without prejudice.

I THEREFORE ORDER that:

1. Petitioner Maalika Dabney's motion for appointment of counsel **[ECF No. 3] is denied without prejudice**.

2. The Clerk of the Court must add Aaron Ford, Attorney General of the State of Nevada, as counsel for the respondents and provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

3. The respondents have until **June 14, 2026,** to appear in this action and answer or otherwise respond to the petition.

4. If the respondents file an answer to the petition, the petitioner may file a reply within **60 days** from the date the answer is filed and served. If the respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

5. Any procedural defenses the respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss may be subject to waiver. The respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer,

and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

6. In any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

7. The respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

8. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

9. Notwithstanding Local Rule IC 2-2(g), paper copies of any electronically filed exhibits *need not* be provided to chambers or to the staff attorney, unless later directed by the court.

Dated: April 15, 2026

_____
Cristina D. Silva
United States District Judge